PAULINE T. GALE *vs.* SETH NICKERSON & others.

Suffolk.    March 20, 1890. — May 9, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Will — Residuary Devise in Trust — Legacy — Forgery — Equity.*

A testator, by the eighth clause of his will, gave to a nephew and two nieces the residue of his property, in equal shares, to be held in trust by the nephew and one niece, which property, in case the other niece should marry, was " to be held and owned by my said trustees "; and in the ninth clause, besides a specific gift to the two nieces, directed the trustees to retain his investments in certain stock and to add any dividends thereon to the capital, to pay his funeral and other expenses and small sums of money to the children of a person named, and to put a tombstone at his grave and to set apart a fund for its care. *Held,* that the beneficial interest in all the property undisposed of by the testator passed to the nephew and nieces; that the trust was created to provide for the management of the estate, and, if the niece should marry, to secure her share of the estate to the others; and that the testator's other heirs at law had no interest in such property.

A legacy of $500 was given by the will to a sister of the testator, and a legacy of $20 to each of her two daughters. The sister and one of her daughters died after the probate of the will, and, pending an action by the administrator of the former to recover the $500 legacy, the surviving daughter and a child of the deceased daughter brought a bill in equity for the recovery of the legacies, and for the cancellation, for forgery of signatures, of a release thereof, purporting to be signed by the deceased legatees and by the plaintiffs. *Held,* that the plaintiffs had an adequate remedy at law for the alleged forgery, under the Pub. Sts. c. 136, § 19; that the administrators of the deceased legatees could alone sue for their legacies; and that the legacy of the surviving daughter was too small to justify the interposition of a court of equity, the St. of 1884, c. 285, § 1, not being applicable, and the bill could not be maintained.

BILL IN EQUITY, filed March 7, 1889, by Pauline T. Gale and Sarah T. Crowell, against the trustees under the will of John Nickerson, and against Miranda J. Nickerson, to recover certain legacies given by the will, and distributive shares in his estate.

The bill alleged that the will of John Nickerson, who died on May 3, 1869, was duly admitted to probate on November 13, 1869, and, after gifts of money to various relatives, including five hundred dollars to the testator's sister, Thankful N. Thomas, and twenty dollars each to her daughters, Pauline T. Gale and Abby B. Wait, nieces of the testator, contained the following clauses:

"Eighthly, I give and bequeath unto my nephew, Seth Nickerson, the son of my brother Seth, and the children of my brother Eldridge, Eunice S. Nickerson and Miranda J. Nickerson, the residue of my property in equal shares, whether real, personal, or mixed property, to be held in trust by my executors hereafter named, or trustees. In case that my niece Miranda J. Nickerson should marry, then my said property to be held and owned by my said trustees.

"Ninthly, I order and ordain my railroad stocks and my bank stocks to remain as they now are, and the dividends to be added to the capital stock as they may arise or accrue. The safe now in my brother's house I give and bequeath unto my nieces Eunice and Miranda, I order my trustees to put tombstones at my grave, and to pay all my funeral and other expenses, and to pay unto the children of John E. Thomas the sum of twenty dollars each, and I hereby reserve to be kept as a fund the sum of five hundred dollars for the only purpose of keeping my grave and yard in repair by my said trustees.

"Tenthly, I ordain and appoint the said Seth Nickerson, my nephew, and Eunice S. Nickerson, my niece, to be my executors and trustees, without bonds."

The bill also alleged further, that Thankful N. Thomas died on May 18, 1873, and that Abby B. Wait died on September 24, 1879; that the plaintiff Sarah T. Crowell was the only daughter and the only surviving child of Abby B. Wait; that neither the said Thankful N. Thomas nor the said Abby B. Wait received their specific legacies named in the will of the testator, or any part of his estate, and that these legacies

have never been paid; that the specific legacy bequeathed to Pauline T. Gale has never been paid; that by the ninth clause of the will a large part of the estate, consisting of railroad stock and bank stock, was conveyed to the said Seth Nickerson, Jr., and the said Eunice S. Nickerson, to be held by them in trust; that the will failed to name the purpose for which the trust was created, and no beneficiaries were named to receive under the trust; that the plaintiffs are informed and believe that said trust property should now be distributed among the heirs at law of the testator, in accordance with the rules of law governing the distribution of estates where no other disposition of the property has been made by the testator, and the purpose for which money and estate held in trust shall be applied has not been declared; that after the death of the said Thankful N. Thomas, her heirs sought to recover the legacy of five hundred dollars named in the will, as said legacy had not been paid to her during her lifetime, and that an administrator was duly appointed and suit instituted for that purpose; that after suit had been commenced, the defendants (who were the nephew and nieces named in the eighth clause of the will) produced a paper which purported to be a release signed by the said Thankful N. Thomas, Abby B. Wait, the plaintiffs, and others, in which the said Thankful N. Thomas, the said Abby B. Wait, and the plaintiffs appeared to have released and assigned to the defendants all of their interest in said estate; that said release purported to have been signed by the said Thankful N. Thomas, and by the said Abby B. Wait, and by the plaintiffs, and that the defendants placed a copy of said release on file, retaining what purported to be the original; that neither of the plaintiffs ever signed or executed such an instrument as said release purported to be, nor ever knew of such an instrument; that the signatures thereto which purported to be their signatures were forgeries, and that this instrument as to them was a false, fraudulent, and forged instrument; that the signatures to this instrument which purported to be the signatures of Thankful N. Thomas and Abby B. Wait were not their signatures; that they never signed the instrument, nor authorized any person to sign it for them, during their lifetime; that they never saw it nor knew of its existence, and their signatures thereto were

false, fraudulent, and forged signatures; and that the defendants held this release against the plaintiffs as a valid release, and as a defence to their claim against the estate of the testator.

The prayer of the bill was: (1) that the release might be produced in court and cancelled as to the signatures and execution of Thankful N. Thomas, Abby B. Wait, and the plaintiffs; (2) that the trustees be decreed to hold the estate described in the will as railroad stock and bank stock in trust for the heirs at law of the testator; (3) that the trustees might be ordered to pay out of the trust estate to the plaintiffs such sum as might be found due to them as heirs at law of the testator, claiming through Thankful N. Thomas; (4) and for further relief.

The defendants demurred to the bill, on the grounds of laches, multifariousness, and for want of equity, of proper parties, and of title in the plaintiffs. The demurrer was sustained; and the plaintiffs appealed to this court.

*H. D. Hadlock*, for the plaintiffs.

*R. M. Morse, Jr.*, ( *W. F. Griffin* with him,) for the defendants.

KNOWLTON, J. The plaintiffs contend that, as heirs at law of John Nickerson, they are severally entitled to a share in his estate under the eighth clause of his will, and if not under the eighth clause, then under the ninth; and they argue that the property named or referred to in these clauses is to be divided among his heirs at law in accordance with the statute of distributions.

This contention is founded on a mistaken construction of the will. Under the eighth clause, all his estate not previously disposed of was given to Seth Nickerson and Eunice S. Nickerson, in trust for Miranda J. Nickerson and for themselves. The entire beneficial interest in the property passed to these three persons, and the trust was created to provide for the management of the estate, and to secure the share of Miranda J. Nickerson to the others if she should marry. The plaintiffs have no interest on which the bill can be maintained for the principal purpose for which it was brought.

The only remaining grounds on which they seek to maintain it are, that the plaintiff Pauline T. Gale is given a legacy of twenty dollars by the will, and also, as one of the next of kin of Thankful N. Thomas, is entitled to one half of a legacy of

five hundred dollars, and that the plaintiff Sarah T. Crowell, as the daughter and heir of Abby B. Wait, who was another of the next of kin of Thankful N. Thomas, is entitled to the other half of this legacy, and is also entitled to another legacy of twenty dollars given to her mother. In this part of their case, the only equitable relief of which the plaintiffs think they are in need is the cancellation of the instrument of release upon which they say their signatures and the signatures of Thankful N. Thomas and Abby B. Wait were forged. But if the facts are as stated in the bill, they do not need the aid of a court of equity. Pub. Sts. c. 136, § 19. A forged instrument would not avail against them in an action at law brought to recover their legacies. Their remedy at law is complete and adequate. Moreover, they are not the proper parties to sue for the legacies of Thankful N. Thomas and Abby B. Wait. Actions to recover these should be brought by administrators. Indeed, the bill alleges that a suit has already been brought by the administrator of the estate of Thankful N. Thomas to recover her legacy, which, so far as appears, may still be pending. The legacy of twenty dollars to Pauline T. Gale is the only one for which either of the plaintiffs can sue in her own name, and that is too small to justify the interposition of a court of equity to grant the relief prayed for. *Smith* v. *Williams*, 116 Mass. 510. *Chapman* v. *Banker & Tradesman Publishing Co.* 128 Mass. 478. The St. of 1884, c. 285, § 1,* is not applicable to an action of this kind.

The defendants rely upon other grounds of demurrer, which it is unnecessary to consider. Without intimating that they are insufficient, we must order the

*Decree affirmed.*

---

* This section is as follows:

" Section 1. A bill in equity may be maintained to reach and apply in payment of a debt any property of a debtor, as provided by clause eleven of section two of chapter one hundred and fifty-one of the Public Statutes, notwithstanding the fact that the plaintiff's debt does not equal one hundred dollars in amount, or that the property sought to be reached and applied is in the hands, possession, or control of the debtor independently of any other person, or that it is not within the State, or that it is of uncertain value, provided the value can be ascertained by a sale or appraisal, or by any means within the ordinary procedure of the court, or that it cannot be reached and applied until a future time."