Matter of the Judicial Settlement of the Accounts of JESSIE SHEPKENS VON RIMPST, as Executrix, etc., of ELIZABETH F. TERRY, Deceased.

(Surrogate's Court, Columbia County, February, 1917.)

Wills — construction of — trusts — intention of testatrix — specific legacies — meaning of "nephews and nieces."

The expression "nephews and nieces," in a will will be construed to include "grandnephews and grandnieces" when necessary to effectuate the intention of the testatrix.

At the making of the will of a testatrix who left an estate of about $20,000 she had two brothers living, nine nephews and nine nieces living and there were three children of a deceased nephew. She also had a grandniece, who was her namesake, whose parent was living, and by said will testatrix gave an

absolute specific legacy of the same amount, with two exceptions, to each of her nephews and nieces, to each of the children of the deceased nephew and to the namesake and also a small gift to a stranger.  She also created a trust in favor of each brother and gave him the income thereof during his life. Each of the provisions creating a trust disposed of the principal fund upon the death of the brother by dividing it among the "nephews and nieces, who shall then be living, share and share alike," and all the remainder of the estate was devised and bequeathed to the nephews and nieces in equal shares. *Held*, that as from the amounts of the specific legacies as compared with the residuum it was apparent that testatrix intended to distribute her estate in the main through the residuary clauses including the principal of the trust fund and used the specific legacies as a means of making such distinctions among her beneficiaries as she desired, and as in view of the fact of the size of the estate the small amount provided for each of the children of the deceased nephew by way of specific legacy would show a strong tendency towards substantial disinheritance, if the testatrix did not intend them to share in the balance of the estate remaining after satisfying the specific legacies, the testatrix intended to include among the "nephews and nieces" who would share in the residuary estate, including the principal of the trust funds, the children of her deceased nephew, and they took their respective shares *per capita*.

Claim by the children of a nephew of the decedent to be included in the class of nephews and nieces, and to share as such in the residuary estate.

Coffin & Coffin, for executrix.

John V. Whitbeck, Jr., for claimants.

McNamee, J. and Acting S.   Sanford G. Hoysradt, Caroline Whitbeck and Gertrude McE. Whitbeck make claim on this accounting to a share of the residuary estate by reason of the provisions of the will of the deceased, and contend that the testatrix intended to include them as residuary legatees when she used the

terms "nephews and nieces," notwithstanding the fact that they are children of a nephew.

In reaching a decision in this case the court has held before it the accepted principles of construction, viz., that the expression "nephews and nieces" does not include "grandnephews and grandnieces," unless there is something in the will to show that the words were used by the testatrix in the broader sense; and also that, in the construction of wills, words are to be given their primary meaning unless it is necessary to resort to a secondary meaning to effectuate the intention of the testatrix as gathered from the will as a whole.

In so far as the 13th clause of the will is concerned, and in so far as the 11th and 12th clauses dispose of the principal of the trust funds, when read separately, or when these three clauses are read together, there is no ambiguity in the language employed. The difficulty in determining the intention of the testatrix arises only in the reading of these clauses in connection with the other parts of the will, in studying its plan and purpose, and in considering the family relations of the decedent. And in view of the general import of the will I believe consideration should be given to the family relations of the testatrix at the time the will was made.

When the will was made the testatrix had two brothers living, nine nephews and nine nieces living, and one deceased nephew who left three children, the three claimants above named. She also had a grandniece who was her namesake, whose parent was living. The testatrix gave an absolute specific legacy to each of these nephews and nieces, to each of the children of the deceased nephew, and to the namesake aforesaid. She also created a trust in favor of each brother,

and gave him the income thereupon during his life.

Each of the provisions creating a trust disposed of the principal fund upon the death of the brother by dividing it among the " nephews and nieces, who shall then be living, share and share alike." And the residuary clause, the 13th of the will, was as follows: "All the rest and residue of my estate I give, devise and bequeath to my nephews and nieces to be divided between them in equal shares."

From a study of the will it appears that the testatrix planned and purposed to distribute the bulk of her estate to her next of kin. She made what were comparatively ample provisions by way of life estates for the two brothers living when the will was made and then bestowed her bounty by way of specific bequests of small amounts of money on each living nephew and niece and the descendants of the one relative of that degree who had died. These are the persons who would take her estate if there were no will. The only exceptions were a small gift to a stranger and a gift to her namesake designated a grandniece; and this is the only time the term " grandniece " appears in the will, and the latter gift was the only bequest made to a relative who was not one of the next of kin.

The 3d clause of the will is the first to contain a bequest to relatives, and in this clause she makes provision for the " children of my nephew Albert Hoysradt," and in the next or 4th clause she provides for one niece specially favored in the amount of the specific legacy given. In the next and 5th clause she remembers her namesake and designates her " my grandniece;" in the next or 6th clause she bequeathes equal sums to seven nieces, designated as such, and in the next and 7th clause she bequeathes like sums to

nine nephews, designated as such, and in the next or 8th clause, in conjunction with a bequest to a stranger, she bequeathes a like sum to the remaining living niece, without reference to her relationship.

In conferring her benefactions upon this large number of nephews and nieces and the family of the deceased nephew, all the specific bequests are in the same amount, with two exceptions, viz., those to the children of the deceased nephew, and Inda McArthur. She gives to each of the children of the deceased nephew thirty-four dollars less than she gives to each nephew or niece, other than Inda McArthur, by way of specific legacy, and the combined legacies to the three children of the deceased nephew is substantially the same amount given to the specially favored niece Inda McArthur. Thus the children of the deceased nephew together, and Inda McArthur, each receive about two and one-half times as much as any other niece or nephew by way of specific legacy. And if the children of the deceased nephew are allowed to share in the residuum, and take their shares *per capita*, the combined amounts which they will receive from the residuary estate will not be greatly more disproportionate with reference to the other shares therein than were their combined specific legacies with reference to the specific legacies to the nephews and nieces, other than Inda McArthur.

It is apparent from the amounts of the specific legacies as compared with the residuum that the decedent intended to distribute her estate in the main through the residuary clauses, including the principal of the trust funds, and that she used the provisions for specific legacies as a means of making such distinctions among her beneficiaries as she desired to make. And in view of the fact that the decedent had an estate of

about $20,000, the small amount provided for each of the children of the deceased nephew by way of specific legacy would show a strong tendency toward substantial disinheritance, if the testatrix did not intend them to share in the balance of the estate remaining after satisfying the specific legacies. The courts do not look favorably upon a construction which tends to the disinheritance of those who would take without a will; and the arrangement, plan and evident purpose of the will are opposed to the theory that the testatrix had any intention to disinherit or substantially disinherit any of her next of kin, and, on the contrary, evidence an intention that none of her next of kin shall be substantially disinherited.

So reading the will as a whole it is held that the testatrix intended to include among the nephews and nieces who would share in the residuary estate, including the principal of the trust funds, the children of her deceased nephew, Albert Hoysradt, and they will take their respective shares *per capita*.

Decreed accordingly.