(131 So. 906)

## MEGLEMRY et al. v. MEGLEMRY.

### 6 Div. 657.

Supreme Court of Alabama.

Jan. 15, 1931.

---

[1] Ante, p. 140.

John S. Stone, M. Leigh Harrison, and John S. Stone, Jr., all of Birmingham, for appellants.

James D. Gregory, of Birmingham, for appellee.

THOMAS, J.

The appeal is from a decree construing the last will of Clarence E. Meglemry, deceased.

The rules of testamentary construction are well understood. The will of the testator, if legal, is the law of that instrument, Steele v. Crute, 208 Ala. 2, 93 So. 694; Fowlkes v. Clay, 205 Ala. 523, 88 So. 651; Ralls v. Johnson, 200 Ala. 178, 75 So. 926; Schowalter v. Schowalter, 217 Ala. 418, 116 So. 116; Willis v. Barrow, 218 Ala. 549, 119 So. 678; Myrick v. Williamson, 190 Ala. 485, 67 So. 273; Wolffe v. Loeb, 98 Ala. 426, 13 So. 744; Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322; that the words and expressions employed will be given the ordinary meaning or the construction placed thereon by the testator or the manifest context of the will, Gunter v. Townsend, 202 Ala. 160, 79 So. 644; that technical rules will yield before testator's manifest intention to the contrary, as expressed in that will, Montgomery v. Wilson, 189 Ala. 209, 66 So. 503; Willis v. Barrow, supra; that is to say, that intention of the testator, as evidenced by the will, is the controlling factor in interpreting the words employed and as designating beneficiaries, etc., Wilson v. Rand, 215 Ala. 159, 110 So. 3; Scott v. Nelson, 3 Port. 452, 29 Am. Dec. 266; 4 Kent. Com. (13th Ed.) § 419; Parkman v. Bowdoin et al., Fed. Cas. No. 10763; Bowker v. Bowker, 148 Mass. 198, 19 N. E. 213.

And in the application of the cardinal rules of testamentary construction in Wilson v. Rand and Scott v. Nelson, supra, the court held that, in the use of the word "children," testator's intention was shown to include "grandchildren"; and in Graham, Ex'r, v. De Yampert, 106 Ala. 279, 17 So. 355, the word "heir" as used in the codicil was held to mean "legatees," and that embraced only natural persons named in the original draft of the will and who resided in Alabama; and in Burleson v. Mays, 189 Ala. 107, 66 So. 36, and Castleberry v. Stringer, 176 Ala. 250, 255, 57 So. 849, these testamentary instruments evidenced the intention that "heir" was used, not in the technical sense, but with the meaning of "children" or "issue." This was but the ascertainment and declaration of the expressed intention of such testators, as shown under the rules of law; each will presented its own inquiry. Schowalter v. Schowalter, 217 Ala. 418, 116 So. 116. It is said that cases upon wills have no brothers. Whorton, Ex'r, v. Moragne et al., 62 Ala. 201, 209.

The sixth paragraph of the will in question reads as follows: "It is my will that all property that I die possessed of both real and personal except that already named by me be sold to the very best advantage and that. the money derived from the same shall be divided share and share alike to my nephews and nieces other than those provided for in the first part of this will, namely, Arthur and Lillian and Mrs. Leona Meglemry."

The trial court held the language employed in this paragraph to mean nephews and nieces by consanguinity and not relations of that degree by affinity. What then is the usual and ordinary sense in which the words "nephews" and "nieces" were used by the testator when he prepared and executed his will?

In the absence of controlling language, the terms in question, "nephews" and "nieces", employed by a testator, have been held not to include blood relatives other than children of his brother or sister or the spouses of married nephews or nieces. In re Van Rimpst, 99 Misc. Rep. 169, 165 N. Y. S. 538, 539; In re Penney, 159 Pa. 346, 28 A. 255; Boyd v. Perkins, 130 Ky. 77, 113 S. W. 95; 2 Underhill on the Law of Wills, pp. 793, 794, §§ 595, 596; 40 Cyc. pp. 1443–1453; 45 C. J. p. 1383. Such are the authorities in other jurisdictions. See 3 Words and Phrases, Second Series, p. 589.

The general subject is thus stated by Mr. Underhill (2 Underhill on the Law of Wills, pp. 792, 794, §§ 595, 596, and notes):

"The words 'nephews' and 'nieces,' when used in a will, in a provision for the nephews and the nieces of the testator himself, in the absence of a controlling context, have the primary meaning of his own nephews and nieces, i. e., the children of his brothers and sisters (Green's Appeal, 42 Pa. 25, 30; Wells v. Wells, L. R. 18 Eq. 504. See also [Gale v. Nickerson, 151 Mass. 428, 24 N. E. 400], 9 L. R. A. 200; post, § 596. A niece by affinity or a great-niece is not permitted to take a share in a residuary gift 'to nephews and nieces of every description mentioned in the will,' though a niece by marriage has been mentioned in the will as a niece simpliciter (Lewis v. Fisher, 2 Yeates (Pa. 1797) 196. The propriety of the decision may well be doubted) including the children of his brothers and sisters of the half blood. For when a man speaks of his brothers and sisters, he means those persons who form a class and who stand in the same relationship either to one or to both of his parents that he does himself. (Lewis v. Fisher, 2 Yeates (Pa.) 199; Shelley v. Bryer, Jac. 207; Grieves v. Rawley, 10 Hare, 63, 65, 66.) * * *

"Whether a provision for nephews and nieces shall include great-nephews and great-nieces has been much discussed in the cases. The answer to this question always depends upon the intention of the testator. In the absence of anything in the will to show a contrary intention, it is to be conclusively presumed that a gift to the nephews and nieces of the testator simpliciter is not intended to include his great-nephews and great-nieces, i. e., the children of any nephew or niece of the testator who may have died before him."

██ In the absence of a controlling context showing the descriptive terms were used with an enlarged meaning, as contended for by appellants, we are of opinion that the decree of the trial court is correct. Implied devises or bequests must not rest on conjecture; the express language employed by a testator excludes. Ralls v. Johnson; Myrick v. Williamson, supra; Hollingsworth v. Hollingsworth, 65 Ala. 321.

And if we may put ourselves in the position of the testator and consider his situation as shown by the record, at the time he executed the will, his intent, disclosed within the four corners of the instrument, is given a right expression and construction in the decree. Steele v. Crute; Fowlkes v. Clay, supra.

█ The testator prepared and executed his will in California, inclosed it in an envelope "upon which was written in the same handwriting as the will, these words, 'Last Will of C. E. Meglemry of Birmingham, Alabama.' " He deals with brothers' children and their wives specifically, and no doubt entertained the view that the husband and wife were one, and is specific as to them in limitation and exclusion. He is specific as to Leona, the widow of his nephew Joseph, the son of his brother Alonzo, giving her the nominal sum of "one dollar"; and so of his nephew Albert (so described in the first paragraph), the son of his brother Joseph, and Albert's wife, to whom he likewise gives "one dollar"; and to William and his wife, Cora, "the 2 large portraits of my father and mother, my father's rosewood rocker and two ottomans or foot stools that were my mother's"; and to William as thereinafter provided and appointed. If testator had not entertained a confused idea of the law of inheritance in Alabama, there was no occasion to exclude the wives indicated by the gifts of nominal sums.

And at the risk of repetition, and no doubt under the mistaken view indicated, testator excludes Lillian and Leona (collaterals by affinity)—twice excludes them from further participation. To the contrary, when he desired to provide for "nonconsanguineous relatives" by affinity, as in the case of Cora, the wife of his named nephew William A., he made clear the fact of provision and specifically expressed the intent thereof.

█ The courts judicially know that nephews and nieces of one's husband or wife, and

232

the wives and husbands of affined relatives and their children are referred to as nephews and nieces; and the children of consanguineous nephews and nieces are so designated by the courts. However, the courts have generally limited these terms in testamentary disposition of property to children of testator's brothers and sisters, unless it is clearly indicated by the terms employed in the instrument and within the rules of law that obtain to ambiguities, that a contrary disposition was intended. Here the affined nieces, Leona and Lillian, are excluded by law, yet the testator specifically evidenced his purpose to exclude by the nominal provisions made for them. In this he did a useless thing, unless he apprehended they may assert some claim in the nature of dower or distributive interest. However that may be, he twice evidenced his intention that they be not otherwise permitted to participate in his estate. And this intent spoke for the class of non-consanguineous nephews and nieces.

He used the same language in accomplishing his purpose of exclusion of "Albert" or "Arthur," as the case was or may be, a blood relation, that was employed in making sure of the exclusion of those already excluded by law, relatives by affinity. However, if the other relatives by marriage only be admitted to participate equally with nieces and nephews by way of blood, the latters' interest in the testator's estate will be a reduction in large part. We cannot find that intention; that is to say, there is no manifest intention of the testator, through the words employed, to divert his bounty, other than he specifically indicated, from the channels in which it would have naturally flowed, from his next of kin under the law of descent in cases of intestacy. Such was the opinion of the learned circuit judge, and in this we concur after careful consideration of the will.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.