**HATCHER et al. v. RICE. (8 Div. 753.)**

(Supreme Court of Alabama. Oct. 15, 1925. Rehearing Denied Nov. 12, 1925.)

**1. Affidavits ⟨⟩18—Affidavits of persons asserting that grantee other than one named was intended held inadmissible.**

Affidavits, made many years after the execution of a deed, and placed on record several years thereafter, asserting that a grantee other than the one named in the deed was intended to have been inserted in the deed, held not admissible under Code 1923, §§ 6873, 6874, on issue of title.

**2. Affidavits ⟨⟩18—Statute relating to admission of affidavits to interpret deed held to permit use only of affidavits made contemporaneously with conveyance.**

Code 1923, §§ 6873, 6874, relating to admission of affidavits to interpret deed, held to permit use in evidence only of affidavits made contemporaneously with conveyance they assumed to interpret, and which are of the res gestæ of the transaction witnessed by the execution and record of the conveyance to be thereby affected.

**3. Affidavits ⟨⟩18—Decree that title to land conveyed to wife as grantee did not pass to wife but to husband held error.**

Where a deed, the original of which was missing, but which, as reflected by record in office of judge of probate, named "Mrs. S. D. R." as grantee, and in habendum clause limited estate to "her heirs and assigns," a decree that title passed to her husband, S. D. R., based on erasure of word "Mrs." and on affidavits, asserting "Mrs." was not intended to be inserted, held erroneous.

**4. Wills ⟨⟩692, 693(6)—Provision conferring power of disposition upon devisee, which latter did not exercise in his lifetime, may be dismissed from consideration.**

A provision conferring power of disposition on devisee, which latter did not exercise in his lifetime, may be dismissed from consideration.

**5. Wills ⟨⟩471—Estate given in one clause of will in clear and decisive terms cannot be cut down by subsequent words not so clear and decisive.**

Where an estate or interest is given in one clause of a will in clear and decisive terms, the interest so given cannot be taken away or cut down by raising a doubt upon the extent and meaning of a subsequent clause, nor by inference therefrom, nor by any subsequent words which are not as clear and decisive as the words giving the interest or estate.

**6. Wills ⟨⟩470—Will must be considered as a whole.**

Will must be considered as a whole.

**7. Wills ⟨⟩439—Intention expressed in language of testator must be given effect if possible.**

Intention expressed in language of testator must be given effect, if that can be done without violating some positive rule of law.

**8. Wills ⟨⟩601(1)—Will held to give life estate to husband of testatrix.**

Will of testatrix, which in the first paragraph gave her property to her husband and in the third paragraph read, "at my husband's death all property of mine to go to my nieces," held to give husband life estate only.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

Bill in equity by Virginia E. Hatcher and another against Georgia D. Rice, and cross-bill by respondent. From a decree for respondent, cross-complainant, complainants appeal. Reversed and remanded.

Simpson & Simpson, of Florence, for appellants.

Affidavits of persons living and residents of the state were improperly admitted in evidence. Code 1923, § 6874. A will must be considered as a whole, for the purpose of ascertaining the intention of the testator; and when a will contains repugnant provisions, the latter will prevail. Wynne v. Walthall, 37 Ala. 37; Kidd v. Borom, 181 Ala. 144, 61 So. 100, Ann. Cas. 1915C, 1226; Griffin v. Pringle, 56 Ala. 486; Gurley v. Bushnell, 200 Ala. 408, 73 So. 324. The conveyance by Rice to appellee vested in her only his life interest. Nabors v. Woolsey, 174 Ala. 289, 56 So.

533. Code 1923, §§ 6928, 6929, do not apply to the will here. Duncan v. De Yampert, 182 Ala. 528, 62 So. 674.

Mitchell & Hughston, of Florence, for appellee.

The subsequent provisions of the will are inadequate to overcome the donation in the first clause. Darrow v. City of Florence, 206 Ala. 675, 91 So. 606. The affidavits put in evidence were recorded and offered under Code 1923, § 6874.

SAYRE, J. By their bill in this cause, appellants sought a construction of the will of Mattie B. Rice, deceased. under which they claimed an interest as remaindermen in a certain storehouse in the city of Florence, and a settlement of the title thereof. Septimus Decimus Rice, surviving husband of deceased, and Georgia D. Rice, his then third wife, were named as parties defendant; Septimus Decimus on the theory that he took an estate for life under the will of his former wife, Georgia D., because she claimed the property under a deed from her husband. Septimus Decimus died pending a decree, so that in the end, the contest was between appellants and Georgia D. Rice, with a claim of ownership in fee on either hand. In her cross-bill, defendant set up her claim of title, derived as above stated, and sought its confirmation by decree.

In 1902 W. E. Harrison had owned the property, and in that year had sold and conveyed it, whether to Septimus Decimus or to his then wife, Mattie B., was disputed between the parties. As for the will, the question was whether it vested a fee in Septimus Decimus or an estate for life only. It was determined in the trial court sitting in equity, of course, that by Harrison's deed of conveyance the property had passed to Septimus Decimus, after which there remained no occasion for a construction of the will.

We are clear to the conclusion that the decree was laid in error. There is no sort of doubt that in the deed from Harrison, as filed for record in the office of the judge of probate within a few days after its execution. "Mrs. S. D. Rice"—that is, Mattie B. Rice, testatrix in this cause—was named as grantee. Not only was she named as grantee in the manner indicated, but by the habendum clause of the deed the estate was limited to "her heirs and assigns in fee simple forever." Afterwards—just when does not appear—there was a clumsy effort to erase "Mrs." from the record, but enough of it remained to show how the deed had been written, and "her" was not disturbed, probably because its significance was not appreciated. Appellee suggests that this condition of the record may have been due to an error of the copyist and an effort at correction; but we think this explanation hardly explains, for the record appears to have been entitled "W.

E. Harrison and wife to Mrs. S. D. Rice," which also was not disturbed. If the transcribing clerk had discovered error and sought to correct it, we conceive it to be highly improbable that he would have thus ineffectually gone about to effect his purpose. It is to be regretted that the original deed was not produced; but defendant, into whose hands came the other papers left by her deceased husband, was unable to find it. However, the record suffices to settle the question.

[1-3] Defendant put in evidence, and we presume the court took into consideration—for, otherwise, the conclusion that S. D. Rice, and not "Mrs. S. D. Rice," had been named as grantee in Harrison's deed, could hardly have been reached—affidavits made by P. D. Rice and J. E. F. Westmoreland in 1915, and placed upon the probate records of Lauderdale county in July, 1924, after the bill in this cause had been filed and after the necessity for some such evidence in support of appellee's case had become manifest. These affidavits were alike to the effect that the transaction in which Harrison had disposed of the property in dispute had been conducted by Westmoreland, a real estate agent or broker, and that the deed had by him been written to S. D. Rice; that, to quote Rice, "the name of Mrs. S. D. Rice did nor appear in this deed or should not have appeared in the same; she was not known in this deal, and never had any title or interest in this deed or property conveyed thereby"; and, to quote Westmoreland, "I drew the deed * * * when this deed was drawn, signed, and delivered to Mr. Rice his name alone appeared as grantee, the name of Mrs. S. D. Rice was not on the paper, and I never knew her in the transaction." Rice was dead when these affidavits were filed for record; Westmoreland was in a sanitarium in Tennessee and unable to appear as a witness. Authority for the use of these affidavits as evidence in this cause is sought in sections 6873 and 6874 of the Code of 1923. But, after allowing all proper effect to these sections of the Code, these affidavits were incompetent and inadmissible.

In Stewart Bros. v. Ransom, 204 Ala. 589, 87 So. 89, we said:

"This act" (now sections 6873 and 6874) "however construed, is in derogation of rights which are commonly secured to parties before the courts and readily lends itself to grave abuse. * * * We are clear to the opinion that it ought to be construed strictly. * * * Its language, construed as we have indicated, shows the legislative purpose to authorize the parties to conveyances to place upon the record affidavits setting forth facts proper for consideration as affecting the construction, operation, and effect of the conveyance at the time of its execution."

And our judgment now is, in agreement with what it then was, that the statute in-

tends to permit the use in evidence of affidavits made contemporaneously with the conveyance they assume to interpret, not to change or destroy, affidavits which are of the res gestæ of the transaction witnessed by the execution and record of the conveyance to be thereby affected—affidavits going at the time to clear up doubts concerning the title and interest passed by the conveyance. In the present case, the facts take the affidavits in question without the influence of the statute. The conveyance was executed in 1902. These affidavits were made in 1915, upon an occasion when there was a controversy between S. D. Rice, who had occupied the property in question as a place of business, and an insurance company, which considered that it had reason to deny its liability on a policy of insurance covering his stock of goods, which had been destroyed by fire, and, as we have already noted, were placed upon the record after this bill was filed, 22 years after the execution of the deed, the grantee in which they would now be used to change. We are not of the opinion that the Legislature intended that recorded titles should be left to rest upon evidence of such dangerous and irresponsible mutability—evidence taken years after the alleged fact, without notice to persons adversely interested, and without an opportunity for cross-examination.

Other considerations, supposed to affect the operation of Harrison's deed, are referred to by the parties. For appellee it is noted that Septimus Decimus occupied the storehouse, · received rents, paid taxes, and commonly spoke of the property as his—all which might be accounted for by the fact that he was his wife's husband. In addition, ex parte affidavits by Florence Ballard, Florence I. Walden, and Mae I. Berger were noted for appellee. These affidavits were taken in July, 1924, and related to long-past transactions which were supposed to shed light upon the title; that is, upon the question whether Septimus Decimus or "Mrs. S. D. Rice" was named as grantee in Harrison's deed executed in 1902. Appellee would justify the use of these affidavits on the ground that affiants were women. The effort but clinches the argument against appellee's construction of the statute. As matter of fact, these affiants were present at the taking of the testimony in this cause. On the other hand, it is noted that Mattie B. Rice spoke of the storehouse as her property, undertook to dispose of it by her will; that about the time of its purchase she realized its closely approximate purchase price from the sale of land which unquestionably belonged to her; that Septimus Decimus had a life estate in the property; but that, when he went into bankruptcy in 1908, he failed to set down this property in his sworn schedule of assets. but these facts and circumstances, if competent at all, are of no serious consequence

as affecting the question of fact as to the grantee named in the deed of 1902. As we have said, we are clear to the conclusion that by that deed the title to this property passed into Mattie B. Rice and was disposed of by her subsequent will.

The first paragraph · of the will was as follows:

"First: I give to my husband Septimus Decimus Rice my storehouse on Court Street, Florence, Alabama [the property in dispute], or any property that I own at the time of my death with all money I may have."

· But the second paragraph gives to these appellants, who were nieces of testatrix, certain articles of personal wear and adornment. And the third provided as follows:

"Third: At my husband's death all property of mine to go to my nieces V. E. Hatcher and E. I. Park [appellants] unless one of my husband's sons" (meaning his sons by a former marriage) "are needy, in that case to go to that one, this to be left to my husband's judgment."

The rest of the will is of no importance in this connection.

[4-7] Septimus Decimus died without exercising the power in favor of his sons, and that provision may be dismissed from consideration. Duncan v. De Yampert, 182 Ala. 531, 62 So. 673. The only remaining question is whether the fee given to Septimus Decimus in the first paragraph of the will shall be cut down by the provision of the third.

"The rule is that, where an estate or interest is given in one clause of a will, in clear and decisive terms, the interest so given cannot be taken away or cut down by raising a doubt upon the extent and meaning of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate." Bruce v. Bissell, 119 Ind. 525, 22 N. E. 4, 12 Am. St. Rep. 436; Duncan v. De Yampert, supra.

[8] But it is a common place of the law of the subject to say that a will must be considered as a whole (Kidd v. Borum, 181 Ala. 144, 61 So. 100, Ann. Cas. 1915C, 1226), and that the intention expressed in the language of · the testator must be given effect, if that can be done without violating some positive rule of law. Whorton v. Moragne, 62 Ala. 209; Alford v. Alford, 56 Ala. 353. Here the first paragraph of the will does not in specific terms delimit the extent of the estate devised to Septimus Decimus, though there need be no doubt of its effect, if not elsewhere qualified. The language is· simple: "I give." But there is no doubt or uncertainty, no vagueness or generality, about the language of the third paragraph. Its language is clear and decisive to the effect that at the death of Septimus ·Decimus all testatrix's property should go to appellants. There is no reason why such provision should not be made fully

effective according to the expressed intent of testatrix. Park v. Powledge, 198 Ala. 172, 73 So. 483, L. R. A. 1917C, 1001. Nor is there to be found in the language of the will any justification for the notion that he had right or power to convey to appellee an inheritable estate as he did attempt to do. His conveyance passed no more than his estate for life.

It results, in our opinion, that the estate in fee should have been confirmed in appellants, that the cross-bill should have been dismissed, and the costs taxed against appellee. The decree will be reversed and the cause remanded, with direction that a decree be rendered in conformity with this opinion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.