(116 So. 116)

**SCHOWALTER et al. v. SCHOWALTER.**
**(1 Div. 467.)**

Supreme Court of Alabama.    March 24, 1928.

Rehearing Denied April 12, 1928.

1. **Wills ⊂⊃439—Mind of testator is law of will, unless unlawful in purpose.**

The mind of the testator is the law of the will, unless unlawful in purpose.

2. **Wills ⊂⊃601(1)—Will declaring estate of first taker to be in fee will be so construed unless subsequent provisions reducing estate are unambiguous.**

A will which by express words declares estate of first taker to be in fee simple, absolute and unconditional, or words of like import, will be so construed unless subsequent provisions reducing such estate are so unambiguous that from whole will intent to create less estate clearly appears.

3. **Wills ⊂⊃601(1)—Where import of will is to create fee, presumption words were used in legal sense is overcome by provision declaring remainder.**

Where estate of first taker under will is not expressly declared to be in fee, but such is legal import of terms used, presumption they were used in technical and legal sense may be overcome by further provisions declaring estate in remainder in same property.

4. **Wills ⊂⊃466—Bequests to children with residue to wife and at her death remainder of estate to children held ambiguous as to meaning of "remainder," and hence to require construction.**

Will bequeathing testator's children named amount of money and residue of estate, both real and personal, to wife, and at her death "remainder of my estate to be equally divided among my children," constituting wife sole executrix without bond, held not free from doubt as to meaning of "remainder of my estate," and required construction thereon, where there was doubt as to whether it meant an estate in remainder as to the whole estate or remains of the estate when needs of wife had terminated.

5. **Wills ⊂⊃457—Legal terms in will are presumed to be used in their legal sense.**

In construction of a will, legal terms are presumed to be used in their legal sense.

6. **Wills ⊂⊃457—Presumption that legal terms in will are used in legal sense is conclusive only where entire absence of other terms suggest different meaning.**

Presumption that legal terms of a will are used in their legal sense is conclusive only where there is an entire absence of other terms suggesting a different meaning.

7. **Wills ⊂⊃616(4)—Estate for life with absolute power of disposition is subject to remainder if power is not exercised (Code 1923, § 6928).**

An estate for life with absolute power of disposition passes, in view of Code 1923, § 6928, a fee as to rights of creditors and purchasers, but is subject to remainder estate in so far as power of disposition is not exercised.

8. **Life estates ⊂⊃21—As to personalty, life tenant usually takes absolute title to personalty consumed in using.**

While life estate in chattels with limitation of remainder over is now recognized, life tenant usually takes an absolute title to personalty consumed in the using.

Appeal from Circuit Court, Baldwin County; John D. Leigh, Judge.

Bill in equity by Charlotte Gertrude Schowalter, individually and as executrix of the estate of V. McR. Schowalter, deceased, against Edward R. Schowalter, Preston J. Schowalter, and Alice E. Schowalter, for construction of the will of decedent, and cross-bill by Edward R. and Preston J. Schowalter. From a decree overruling a demurrer to the bill, the last-named respondents appeal. Affirmed.

Stevens, McCorvey, McLeod, Goode & Turner and John N. Allen, all of Mobile, for appellants.

In the construction of the will, the intention of the testator, as gathered from the language used in the will and from the four corners of the instrument, is to be given effect, if not inconsistent with the law. The language of the will alone, when unambiguous, must control, and no extrinsic evidence is admissible to show a meaning different from or contradictory to that embodied by words clearly and definitely expressing testator's intention. Park v. Powledge, 198 Ala. 172, 73 So. 483, L. R. A. 1917C, 1001; Kidd v. Barum, 181 Ala. 144, 61 So. 100, Ann. Cas. 1915C, 1226; Duncan v. DeYampert, 182 Ala. 528, 62 So. 673; Myrick v. Williamson, 190 Ala. 485, 67 So. 273; City Bank & Tr. Co. v. McCaa, 213 Ala. 579, 105 So. 669; Goodwyn v. Cassels, 207 Ala. 482, 93 So. 405; Ralls v. Johnson, 200 Ala. 178, 75 So. 926; Henderson v. Henderson, 210 Ala. 73, 97 So. 353; Crawford v. Carlisle, 206 Ala. 379, 89 So. 565. Where an estate is given in clear and unambiguous terms, the interest so given will not be taken away or cut down by subsequent vague and general expressions, but, if on con-

─────

sideration of the whole will it be found that a previous clause is subject to subsequent limitations, effect will be given the subsequent clause to carry out the testator's direction and intention. Hatcher v. Rice, 213 Ala. 676, 105 So. 881. For definition of "remainder" and "residue," see 4 Words and Phrases, Second Series, 258, 352. Where technical words are used, the testator is presumed to have employed them in a technical sense, unless the contrary be shown by the context. De Bardelaben v. Dickson, 166 Ala. 59, 51 So. 986. The law will not construe a limitation into an executory devise when it can take effect as a remainder, nor a remainder to be contingent when it can be taken to be vested. Estates will vest at the earliest possible moment, and an intent to postpone must be clearly established. Duncan v. DeYampert, supra. Conflicting clauses in a will must, if possible, be reconciled, and, in case of irreconcilable conflict, the latter clause must prevail over the former. Ralls v. Johnson, 200 Ala. 178, 75 So. 926; Griffin v. Pringle, 56 Ala. 486; Wynne v. Walthall, 37 Ala. 37; Walker v. Walker, 17 Ala. 396; Gurley v. Bushnell, 200 Ala. 408, 76 So. 324. A gift to the widow so long as she remains unmarried or like words will usually give a life estate. 2 Schouler on Wills (6th Ed.) 1375. In the construction of wills, the special intent must yield to the general intent, where there is apparent repugnancy. Hollingsworth v. Hollingsworth, 65 Ala. 321; Thrasher v. Ingram, 32 Ala. 645; Stallsworth v. Stallsworth, 5 Ala. 143.

R. M. Smith and Harry T. Smith & Caffey, all of Mobile, for appellee.

Every estate of lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended. Code 1923, § 6900. In construing a will, a clear gift is not to be cut down by anything which fails to indicate with reasonable certainty that such was the intention of the testator. McCreight v. Porter, 210 Ala. 50, 97 So. 53; Campbell v. Weakley, 121 Ala. 64, 25 So. 694; Pearce v. Pearce, 199 Ala. 498, 74 So. 952. The court always leans to that construction which would vest in the first devisee a fee-simple title to the land. Ralls v. Johnson, 200 Ala. 180, 75 So. 926; Spira v. Frenkel, 210 Ala. 27, 97 So. 104. "Remainder," as found in wills, has two distinct meanings—one, the technical sense; and the other, when used by persons who draw their own wills, in the ordinary sense, to indicate that which may remain undisposed of. Where the expression follows a devise which, standing alone, would create a fee simple, it is generally construed as referring to property remaining undisposed of, and not as intended to limit the estate of the first devisee. Park v. Powl-

edge, 198 Ala. 172, 43 So. 483, L. R. A. 1917C, 1001; Plaggenborg v. Molendyk's Adm'r, 187 Ky. 509, 219 S. W. 438; Weller v. Dinwiddie, 198 Ky. 360, 248 S. W. 874; Linder v. Llewellyn's Adm'r, 190 Ky. 388, 227 S. W. 463; Snyder v. Snider, 202 Ky. 321, 259 S. W. 700; Barry v. Austin, 118 Me. 51, 105 A. 806; Galligan v. McDonald, 200 Mass. 299, 86 N. E. 304, 128 Am. St. Rep. 421; Taylor v. Brown, 88 Me. 56, 33 A. 664; Wells v. Brown (C. C. A.) 255 F. 852; Harris v. Knapp, 21 Pick. (Mass.) 416; McKenzies' Appeal, 41 Conn. 607, 19 Am. Rep. 525; Stowell v. Stowell, 59 Vt. 494, 8 A. 738, 59 Am. Rep. 748. 2 Alexander on Wills, 1358.

BOULDIN, J. Complainant filed her bill as executrix and individually as devisee and legatee under the will of her late husband. It alleges doubt has arisen as to the true construction of the will, doubt as to what part of the estate was devised and bequeathed to complainant, and seeks a judicial construction of the will as necessary to enable her to perform her duties as executrix. Demurrer to the bill as amended was overruled. The appeal is to review this decree.

The will, omitting formal parts, reads:

"First: after all my lawful debts are paid and discharged, I give five dollars (5.00) to my son Edward R. Schowalter, second to my son Preston J. Schowalter, five dollars, (5.00) Third: to my daughter Alice Elsa Schowalter, five dollars (5.00), Fourth, to my beloved wife Charlotte Gertrude Schowalter, I give, devise and bequeath the residue of my estate both real and personal. At her death or ~~remarriage~~ the remainder of my estate to be equally divided between my children Edward R. Schowalter, Preston J. Schowalter and Alice Elsa Schowalter, I hereby constitute and appoint my said wife Charlotte Gertrude Schowalter to be the sole executrix of this my last will and testament, hereby revoking all former wills by me made, and I direct that my Executrix be not required to give bond." (Duly signed, attested and dated June 11, 1925.) * * *

"Codicil No. 1. October 30, 1925.

"The erasure of the words 'or remarriage' were erased by me October 30, 1925."

This codicil appears on the same paper duly signed and attested.

Complainant, appellee here, alleges: First, that under this will she takes title in fee simple to all the residue of the estate, real and personal, after payment of debts and specific legacies; or, second, takes a life estate with full power of disposition, the remainder clause being intended to pass to the children only such portion as shall remain undisposed of at her death. Appellants, the two sons named in the will, allege the complainant took a life estate only, and the children an estate in remainder as to the entire property.

Complainant claims there is such uncertainty or ambiguity in the terms of the will as to let in parol evidence whereby the judicial

mind may assume the position of the testator in ascertaining his mind as expressed in the will. With this in view further averments are made which we summarize thus:

The testator drew his own will. At the time it was made he and complainant had lived happily as husband and wife for many years. They had one daughter, Alice, 21 years of age, living with her father and mother, and without property or earnings. The father was devoted to her. Edward and Preston were sons of a former marriage, prosperous men not in need of assistance from their father. Complainant owned a small separate estate, yielding an income of some $25 per month, and no other personal income. The personal estate of the testator consisted of the professional library and instruments of the testator as a physician and surgeon, and some accounts due from patients, all not exceeding $1,000 in value. The real estate consisted of unimproved lands producing no income whatever, except a house and lot at Point Clear, rented at $250 to $300 per annum, which did not more than pay the taxes. It is then averred that without the power of disposition the devise and bequest to complainant would impose upon her a burden of taxes for life without benefits, or make it necessary for his children to keep up the taxes during her life without return—on the whole make his estate a burden on the entire family. It is further averred the testator during his life declared the intent of the will to be to vest in his wife a fee-simple title.

The demurrer challenges the bill on the ground that the will is clear and unambiguous; that its meaning is to be found within its four corners; that parol evidence is inadmissible for purpose of construction; and that it vests in the widow a life estate only, with remainder over to the children. Special grounds of demurrer are addressed to the matters sought to be made the basis of parol evidence.

Judge John D. Leigh, who heard the cause, wrote a well-considered opinion in the case, reaching the conclusion that the will is ambiguous and of doubtful meaning, that the court should hear the circumstances and conditions which will place him in position of the testator; and so overruled the demurrers going to the equity of the bill as a whole, and the demurrers on special grounds mentioned.

Looking to the will as expressive of the mind of the testator, we note that he first makes a special bequest in money to each of his children. They are in separate items. They are for equal amounts. They are merely nominal in amount. The "residue of my estate both real and personal" is the description of the property devised and bequeathed to his wife. Thus far the testamentary purpose is expressed in the usual form of special legacies followed by an inclusive residuary

bequest. Without question the will thus far, and without more, vested in the wife an estate in fee simple in the entire property after payment of debts and special legacies of nominal amount.

This suggests the idea often found in wills of laymen that each natural object of his bounty shall have recognition in the will by a gift of something certain. In case of a father, naming and remembering each child with some bequest, however small, may be indulged as a mark of affection. The inquiry then comes why these special nominal legacies, if in the main item of his will he was giving the same children his entire estate subject to a life interest only in favor of his widow? "Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended." Code of 1923, § 6900.

[1, 2] This court has in many cases considered the effect of provisions expressly or in legal effect devising an estate in fee, followed by others raising an inquiry as to whether from the will as a whole a less estate is intended. Each will present its own inquiry. The mind of the testator is the law of the will, unless unlawful in purpose. Broadly speaking, a will which by express words declares the estate of the first taker to be in "fee simple," "absolute and unconditional," or words of like import, will be so construed unless subsequent provisions reducing such estate are so clear and unambiguous that from the whole will the intent to create a less estate "clearly appears." Ralls v. Johnson, 200 Ala. 180, 75 So. 926; Pearce v. Pearce, 199 Ala. 498, 74 So. 952; Park v. Powledge, 198 Ala. 172, 73 So. 483, L. R. A. 1917C, 1001; Fowlkes v. Clay, 205 Ala. 523, 88 So. 651.

[3] Where the estate of the first taker is not expressly declared to be absolute or in fee, but such is the legal import of the terms used, the presumption that they are used in their technical and legal sense may be overcome by further provisions declaring an estate in remainder in the same property. Hatcher v. Rice, 213 Ala. 676, 105 So. 881. The will in the cited case declared that at the death of the first taker "all property of mine to go" to named relatives. In the case before us the provision is that in such event "the remainder of my estate to be divided," etc.

[4] It is entirely clear that in the mind of the testator there would or might be a "remainder" upon the death or remarriage of his widow. In his thought such remainder was dealt with as a part of his estate; "my estate to be divided" is his expression. This is not consistent with the idea that he had given an unqualified fee to his wife, and was undertaking to control the descent of her property. The original will calls for a divi-

sion among the children on her death or "re-marriage." In either of the events named the testator's declared purpose is that each of his three children shall share equally; that his daughter shall not take all the "remainder" to the exclusion of his sons.

Appellee in argument seeks, to reconcile the provisions of the will by a conjecture that the testator, a professional man of intelligence, had a vague idea of "mixed property" as distinguished from real or personal property, and this was the "remainder" meant in the will. Such view is wholly untenable. If some property apart from that devised and bequeathed to his wife was in mind, where was the title placed during her life or widowhood? Why await her death or remarriage before division?

[5, 6] The inquiry comes at last to what is meant by "the remainder of my estate." Does it mean an estate in remainder as to the whole estate, or does it mean what remains of the estate when the needs of the wife have terminated? It is the law that legal terms are presumed to be used in their legal sense. The presumption is not conclusive except where there is an entire absence of other terms suggesting a different meaning. Dealing with the will of a layman of intelligence, but not a lawyer, we find he defined the gift to the first taker in terms of a fee. The same presumption obtains in the construction of . this clause as in the remainder clause. Would a layman of intelligence be more likely to know the proper form of a devise of an estate for life merely, or more likely to know the proper terms to define an estate in remainder?· Little aid can be had in the construction of this will from such presumptions.

[7] But it does not follow that either of these clauses must be taken in other than a legal sense. An estate for life with absolute power of disposition passes a fee as to rights of creditors and purchasers, a fee in so far as essential to the exercise of the power itself, but subject to a remainder estate in so far as not exercised. Code, § 6928; Alford v. Alford, 56 Ala. 350; Young v. Sheldon, 139 Ala. 444, 36 So. 27, 101 Am. St. Rep. 44; Cain v. Cain, 127 Ala. 440, 29 So. 846; Hood v. Bramlett, 105 Ala. 660, 17 So. 105. The provision in question deals with both real and personal property.

[8] A life estate in chattels with limitation of a remainder over was not recognized at common·law. While such estate is now recognized, the life tenant usually takes an absolute title to personalty consumed in the using. Underwood v. Underwood, 162 Ala. 553, 50 So. 305, 136 Am. St. Rep. 61.

We think the will not free from doubt as to the meaning of "remainder of my estate" ·in the connection·used. When we consider the averments as to the nature and value of the estate, the relations of the testator to the

beneficiaries named, and the natural obligations that arise therefrom,·it becomes still more questionable. For all that appears, Dr. Schowalter had all the normal affection and sense of obligation to his widow and daughter remaining at home. Did he give.his wife a fee for the purpose of disposition in providing for herself and daughter while their status continued, with remainder to his three children in any portion of the estate, property, ·or its proceeds remaining unconsumed? He trusted his wife in naming her as executrix without bond. If indeed the condition of his estate known to him was such that a life estate merely would be useless, valueless, and a burden to those who in the normal relations of life were the first objects of his care, we may well hesitate to approve the interpretation of his will asserted by appellants.·

The cause will be affirmed, that it may proceed to a proper hearing on all the facts, placing the court in position of the testator that a decree may be rendered giving effect to his intention as expressed in the will.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.