11 So.2d 140

## HIGDON v. HIGDON.

6 Div. 96.

Supreme Court of Alabama.

Dec. 29, 1942.

572

A. Leo Oberdorfer, of Birmingham, for appellee.

Wright & McFarland, of Tuscaloosa, for appellant.

ants in common at private sale. The bill avers that complainant, Alice Estell Higdon, a minor, is the owner of an undivided one-fifth interest in a described lot or parcel of real estate; that named respondents are adult owners of the other four-fifths, interest, each owning an undivided one-fifth; that the property cannot be equitably divided in kind; that a private sale, evidenced by instrument in writing, has been negotiated, at a cash price, not greatly less than the full value of the property; that it is to the interest of all parties to consummate such sale. The bill invokes the jurisdiction of the court of equity to ratify and confirm the proposed sale and authorize complainant to join the adult tenants in common in executing a deed to the purchaser.

Title 47, Section 210, Code of 1940, empowers the probate court to sell for partition among tenants in common, and provides that application may be made by the guardian of a minor owning an interest as tenant in common. Title 47, Section 219 et seq., empowers a guardian to join other tenants in common in a sale of realty for division, publicly or privately, subject to confirmation or disaffirmance by the court having jurisdiction of the administration of the ward's estate.

Title 47, Section 186, Code of 1940, reads: "The circuit court shall have original jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common; whether the defendant denies the title of complainant or sets up adverse possession or not; and the court in exercising its jurisdiction shall proceed according to its own practices in equity cases."

Under the plenary powers thus conferred, a minor may sue in equity by next friend for the sale of lands for division between tenants in common. Trucks v. Sessions, 189 Ala. 149, 66 So. 79. This is not to say that if there be a guardian charged with a trust in the management of the ward's estate, drawn within the jurisdiction of the court administering the estate, such a bill by next friend in another court would be entertained. This situation does not appear from the bill in this cause and is not decided. The plenary power of a court of equity over the estate of an infant, deemed a ward of the court, when the jurisdiction of that court is duly invoked, is well established. The plenary jurisdiction of the equity court for the sale of lands for division being duly invoked by bill of the

BOULDIN, Justice.

The appeal is from a decree overruling demurrers to a bill in equity. Two questions are presented. One is a question of jurisdiction.

The bill was filed on behalf of a minor, sixteen years of age, by her mother, as next friend, with the ultimate purpose of selling real estate for division among ten-

minor, suing by next friend, the infant becomes the ward of the court, invested with the power and duty to deal with his or her estate, as a tenant in common, in such manner as shall be to the best interest of the infant. We conclude the court of equity has jurisdiction to approve and confirm the private sale proposed, entering such decrees as will pass the title to the purchaser on payment of the purchase price, and will conserve the funds of the infant arising from the sale. McCreary v. Billing, 176 Ala. 314, 58 So. 311, Ann.Cas.1915A, 561; McWhorter v. Cox, 239 Ala. 441, 195 So. 435; First Nat'l Bank v. Robertson, 220 Ala. 654, 127 So. 221; Warren v. Southall, 224 Ala. 653, 141 So. 632; Taylor v. Fulghum, 206 Ala. 219, 89 So. 702; Roy v. Roy, 159 Ala. 555, 48 So. 793; Tolley v. Hamilton, 206 Ala. 634, 91 So. 610; Rucker v. Tennessee Coal, Iron & Railroad Co., 176 Ala. 456, 472, 58 So. 465.

Another question is raised touching the title of the alleged tenants in common. They claim as devisees under the will of Alice S. Higdon, deceased. The bill discloses the following: On May 19, 1939, E. L. Higdon and Alice S. Higdon, his wife, executed their joint will, which reads:

"Last Will of E. L. Higdon, and Alice S. Higdon.

"We, E. L. Higdon, Sr., and his wife, Alice S. Higdon.

"We have only two children namely, E. L. Higdon, Jr., and Percy W. Higdon and three grandchildren, namely, E. Lee Higdon 3rd, Percy Wallice Higdon, Jr., and Alice Estell Higdon.

"We give devise and bequeath all of our property, boath community and otherwise to the one that survives the other.

"After we boath have past away, we give devise and bequeth all of our estate unto our children and grandchildren as above named who shall survive us, share and shir alike, provided however, should any of said children or grandchildren die before we do, leaving issue, the share of which such deceased child or grandchild would have been entitled if living, we give, devise and bequeath to his or her issue.

"We hereby apoint Roderick Beddow, an atty. at law, E. M. Klein, Optican and Maj. L. C. Brown as executors hereof. That no bond be required from any of the executors FOR WE know they are all just and honest men and our real FRIENDS and will use their best judgment for all."

Alice S. Higdon died March 28, 1940. She was the owner of the real estate here involved at the time of her death. The above instrument was duly probated as her will while E. L. Higdon still survived. After her death he married Beatrice Sewell Higdon, who was his surviving widow at the time the bill was filed. She is made party respondent. As to her the bill, by appropriate averments, is made a statutory bill to quiet title, praying that she be decreed to have no right, title or interest in the lands. We note in passing that her claim could also be adjudicated as an incident to a sale in equity for division. Title 47, Section 189, Code of 1940.

The demurrer interposed by Beatrice Sewell Higdon proceeds on the theory that E. L. Higdon took a fee simple estate under the will of Alice S. Higdon, above set out; and of consequence his widow takes dower and homestead rights in his real estate.

Without question, if the first item, devising all property to the survivor, stood alone, the survivor would have taken a fee simple estate in the property of the other. It is equally well settled that where the will does not expressly define the estate of the first taker, a devise over after his death is definitive of the estate of the first taker, and will be given effect in keeping with the intention of the testator, if not unlawful. Hatcher v. Rice, 213 Ala. 676, 105 So. 881; Rosenau v. Childress, 111 Ala. 214, 20 So. 95; Gentle v. Frederick, 234 Ala. 184, 174 So. 606; Graves v. Wheeler, 180 Ala. 412, 61 So. 341; Prudential Insurance Co. of America v. Karr, 241 Ala. 525, 3 So.2d 409; Slaughter v. Hall, 201 Ala. 212, 77 So. 738; 2nd Page on Wills, Sec. 978; Gardner on Wills, p. 473.

Without elaboration, we are of opinion that upon the death of Alice S. Higdon, E. L. Higdon took only a life estate in her lands, with remainder over to the children and grandchildren named. This we think the clear intention expressed by the will as a whole. The demurrer was properly overruled.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.