36 So.2d 326

**BLACKWELL v. BURKETTS.**

4 Div. 493.

Supreme Court of Alabama.

June 30, 1948.

Rehearing Denied July 31, 1948.

Murphy & Cook, of Andalusia, for appellant.

234

S. H. Gillis, of Andalusia, for appellee.

SIMPSON, Justice.

This proceeding involves a construction of the will of Lillie Blackwell, deceased. Her husband, W. A. Blackwell, the appellant, claims a fee simple title to the property under the provisions of Items 2 and 3 of the will, whereas her sister, Mrs. Fae Burketts, claims a remainder interest in the property, contending that appellant was only devised a life estate by reason of § 4 of the will.

The appeal is from a decree overruling the demurrer to appellee's cross bill. The pertinent ground of the demurrer which brings the question under review is: "It affirmatively appears from the language of the will that whatever estate that complainant [Blackwell] had vested in him in fee simple and that the respondent has no estate or interest whatever." (Record, p. 12.)

The remedy is not questioned so we will not, but treat the issue as presented by the parties. Both join in the effort to have the will construed. No collateral facts are alleged to shed light on the testator's intention and both parties assert rights dependent on the specific construction of the will. Henderson v. Troy Bank & Trust Co., 250 Ala. 456, 34 So.2d 835.

Appellant argues that he is entitled to a fee simple interest in both the real and personal property by reason of the provisions of Items 2 and 3, bequeathing him all of the testator's property, but concluding as follows: "To have and to hold * * * unto the said W. A. Blackwell, his heirs and assigns, absolutely and in fee simple forever; *subject to the stipulations hereinafter set forth.*" (Emphasis supplied.)

Item 4, the construction of which determines the appeal, and by reason of which, presumably, the trial court overruled the demurrer to the cross bill, thereby adjudicating appellant to have only a life interest in the testator's property, stipulated:

"It is my will and desire and I hereby direct that in the event that my said husband, W. A. Blackwell and myself should die at the same time, that is simultaneously, *or that the said W. A. Blackwell, should die after I shall die* that all of my property heretofore devised and bequeathed to the said W. A. Blackwell herein above, both real estate and personal property, shall become the property of Mrs. Fae Burketts * * * and *in the event that the said deaths of myself and the said W. A. Blackwell should happen as stipulated above,* I do bequeath and devise all of my said property, real estate and personal property to the said Mrs. Fae Burketts, her heirs

and assigns the said property in fee simple and absolutely forever." (Emphasis supplied.)

It is contended by appellant that the portions of Item 4 above which we have italicized are so ambiguous that the bequest to Mrs. Burketts must be disregarded; that it does not with reasonable certainty indicate an intent of the testator to delimit the absolute estate allegedly made to him in the previous items.

■ True, where an estate or interest is bequeathed in one clause of a will in clear and decisive terms, this bequest cannot be taken away or cut down by raising a doubt upon the extent and meaning of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate. Pearce v. Pearce, 199 Ala. 491, 74 So. 952; Pitts v. Campbell, 173 Ala. 604, 55 So. 500; Duncan v. De Yampert, 182 Ala. 528, 62 So. 673.

■ But, the pole star to guide a proper construction is the intention of the testator. That is the law of the instrument and being the primary rule of construction, the testator's manifest scheme must be gathered from the whole instrument, conflicting clauses being reconciled so as to make each operative if possible. Pearce v. Pearce, supra; Wright v. City of Tuscaloosa, 236 Ala. 374, 182 So. 72; George v. Widemire, 242 Ala. 579, 7 So.2d 269; Orr v. Helms, 217 Ala. 603, 117 So. 61; Hatcher v. Rice, 213 Ala. 676, 105 So. 881.

■ Though Items 2 and 3 did not specifically delimit the extent of the estate devised, they were made subject to later provisions. It is clear to us that Item 4 cut down this contended for absolute bequest to one of life with remainder over to appellee on the death of appellant, the underscored clause simply meaning that if the Blackwells should die at the same time or if the testator should predecease her husband, then on the happening of either event the devised property should descend to appellee. Just why this peculiar phraseology was used it is not for us to say, but we think its meaning clear as thus construed.

This construction is reenforced by the concluding stipulations of Items 2 and 3 making the bequests to her husband subject to later provisions of the will. The natural and legitimate office of such proviso is to indicate that subsequent provisions would qualify these bequests. Dickson v. Dickson, 178 Ala. 117, 59 So. 58; McWilliams v. Ramsey, 23 Ala. 813; Hatcher v. Rice, supra.

The construction accorded by the trial court was in our view correct and it is so adjudged.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.

BROWN, LIVINGSTON and LAWSON, JJ., concur in the conclusion that the demurrer was properly overruled but opine that a specific construction of the will on demurrer is out of order even though both parties seek it and rest their rights on such a construction.