43 So.2d 534

**BLACKWELL v. BURKETTS.**

**4 Div. 575.**

Supreme Court of Alabama.

Dec. 22, 1949.

Allen Cook, of Andalusia, for appellant.

S. H. Gillis, of Andalusia, for appellee.

LAWSON, Justice.

W. A. Blackwell filed a bill in the circuit court of Covington County, in equity, to have the will of his wife, Lillie M. Blackwell, construed as vesting in him the fee simple title to all the property, real and personal, owned by the said Lillie M. Blackwell at the time of her death. The respondent, Fae Burketts, filed a cross bill wherein she prayed that the said will be construed as granting to the complainant, W. A. Blackwell, only a life estate in the property, with the remainder interest being in the respondent, cross-complainant. From a decree overruling complainant's demurrer to the cross bill, he appealed to this court.

In Blackwell v. Burketts, 251 Ala. 233, 36 So.2d 326, we affirmed the decree of the trial court. All the members of the court agreed that the demurrer was correctly overruled. A majority of the members of the court held that although the appeal was only from a ruling on demurrer, the will should be construed since both parties joined in the effort to have the will construed on that appeal. The will was construed as giving the complainant, the husband of the testatrix, only a life estate with remainder over to respondent, Fae Burketts, after the death of complainant.

Thereafter complainant amended his bill by alleging, in substance, that prior to the time the instrument heretofore construed by this court was executed, Lillie Blackwell entered into a verbal agreement with complainant that she would execute a will leaving her land in fee simple to complainant, in consideration of the fact that she had used his money in the payment of a mortgage on the land and in making improvements thereon; that the instrument hertofore construed by this court was executed in an attempt to carry out said agreement, but failed to do so because of the failure of the attorney who drew the instrument to draft it in accordance with the instructions of the said Lillie Blackwell.

The trial court sustained demurrer to the bill as amended and dismissed the bill. It also appears that after sustaining the demurrer and dismissing the bill, the trial court in effect rendered a final decree declaring that appellee here, Fae Burketts, has fee simple title to the real property here involved, subject to a life estate in appellant, W. A. Blackwell.

The bill as amended prayed, among other things, (1) that the verbal agreement be specifically enforced; (2) that the instrument be declared to be a contract and that said contract be enforced.

 (1) Appellant admits in brief filed here that the bill was not good as against demurrer interposed in so far as it sought specific performance of the alleged verbal agreement. In the case of Vickers v. Pegues et al., 247 Ala. 624, 25 So.2d 720, 722, we said: "But, it is now settled in this state that an oral agreement to make a will devising real estate, unaccompanied by payment of some valuable consideration and delivery of possession of the land to be devised, is void under the provisions of our statute of frauds (§ 3, Title 20, Code of 1940). Manning v. Pippen, supra [86 Ala. 357, 5 So. 572, 11 Am. St. Rep. 46]; Allen v. Bromberg, supra [147 Ala. 317, 41 So. 771]; Mayfield v. Cook et al., 201 Ala. 187, 77 So. 713." There is no averment in the bill here under consideration of delivery of possession of the land to complainant.

The sole insistence made by appellant, if we correctly interpret brief filed on his behalf, is that the bill was not subject to demurrer in so far as it sought to have the instrument declared to be a contract. Appellant's contention seems to be that under the averments of the bill and the prayer for general relief, he is entitled to have the instrument declared to be a contract and reformed to meet what he alleges to be the intention of Lillie Blackwell.

Reliance is had upon the case of Bolman v. Overall, 80 Ala. 451, 455, 2 So. 624, 625, 60 Am.Rep. 107. But the decision in that case was based on the wording of the paper itself, the court saying: " * * * It is clearly a will in form, being testamentary in frame and verbiage. But it is also a

contract in essence and fact, being executed, as stated on the face of the paper, 'in consideration of past and future treatment,' and, as shown by the bill, in furtherance of a previous parol agreement that it should be executed upon an admitted and specified valuable consideration. * * *" (Emphasis supplied.)

Here, the instrument sought to be held to be a contract is made an exhibit to the bill. It makes no reference to any oral agreement, nor does it contain any statement that it was executed in consideration of any past or future treatment on the part of complainant.

The instrument here involved is clearly a will. It is not a contract. Vickers v. Pegues et al., supra.

We are of the opinion that the decree of the trial court in so far as it sustained the demurrer to the bill as amended is due to be affirmed. However, although this court construed the will of Lillie Blackwell in the case of Blackwell v. Burketts, supra, the final decree cannot be rendered until the cause is properly at issue and submission is had for final decree. Hence, the trial court erred in dismissing the bill and rendering a final decree.

Affirmed in part and in part reversed and remanded.

BROWN, FOSTER and STAKELY, JJ., concur.