I respectfully dissent. As noted by the majority, the primary rule in construing a will is to determine the intent of the testator and give it effect. Blackwell v. Burketts, 251 Ala. 233, 36 So.2d 326 (1948). However, rather than apply a statute *Page 860 
enacted by the Legislature three years after the execution of the will at issue, as did the majority, I would look to the law in existence in 1928, the time of the execution of the will, to determine whether the testator intended the term "lawful issue" to include an adopted child of one of his nephews.
The case law and statutory law in 1928 was clear that only natural children were included within the term "lawful issue."Russell v. Russell, 84 Ala. 48, 3 So. 900 (1888). In choosing the language to express his actual intent, the testator, and the attorney who drew his will, no doubt relied upon this interpretation as being the generally accepted legal meaning of the term "lawful issue." I would therefore hold that James W. Drennen, by reason of being an adopted child, was not intended by the testator to be within the "lawful issue" of Charles E. Drennen under the terms of the 1928 will at issue.