I agree to affirm; however, I do not find it necessary to determine the type interest granted the wife under the will. Since the majority has addressed this matter, and because I disagree with the majority in their conclusion, I must concur specially.
The majority would hold that the testator's wife has a fee simple absolute title to the estate property under the will. It is my opinion that the property interest granted the wife under Item III of the will should be construed as a fee simple defeasible. The appellee, testator's wife, does not contend otherwise.
Although the majority noted that the intention of the testator is the "polestar" of will construction and is to be found from the "four corners of the instrument, where possible," they did not give effect to the language of devise over in Items III and IV of the will. This language is not repugnant to the general devise and bequest to testator's wife in Item III since Item III does not expressly define the extent of the estate created, and thus this language should be given effect. Bell v. Killian,266 Ala. 12, 17-18, 93 So.2d 769, 774 (1957). Instead of applying the rule of construction that "where an estate or interest is given in one clause of a will in clear and decisive terms, the interest cannot be taken away or diminished by raising a doubt upon the extent and meaning of a subsequent clause . .," the majority should have applied our often *Page 993 
cited and well settled rule that "where a will does not expressly define the estate of the first taker, a devise over after his death is definitive of his estate and will be given effect in keeping with the intention of the testator, if not unlawful."E.g., Bell v. Killian, 266 Ala. 12, 17-18, 93 So.2d 769, 774
(1957); Patterson v. First National Bank, 261 Ala. 601, 607,75 So.2d 471, 475 (1954); Higdon v. Higdon, 243 Ala. 571, 574,11 So.2d 140, 142 (1942).
The devise over of estate property remaining at the death of testator's wife in Item III and repeated in Item IV indicates that the interest given testator's wife in Item III is a fee simple defeasible estate. This Court defined an estate in fee simple defeasible in Brashier v. Burkett, 350 So.2d 309, 313
(1977), as "an estate in fee simple which is subject to a special limitation, a condition subsequent, an executory limitation, or a combination of such restrictions." In Bradley v. Eskridge,361 So.2d 100, 101 (1978), we defined an executory interest or limitation as "a nonvested interest in a transferee which is so limited that it will vest on the happening of a condition," noting that the failure of the first taker to convey during his lifetime is a valid condition. The devise over in Items III and IV of the will sub judice implies such a condition. If the testator's wife fails to sell and convey all of the testator's property during her lifetime, the property from testator's estate remaining at her death will go over to testator's brothers and sisters or their heirs.
The other will provisions referred to by the majority as pertinent to our decision are in accord with the construction that Item III of the will gives testator's wife a fee simple defeasible estate in the testator's property. The Item III provision that testator's wife has authority to "sell and convey" the estate property "as she may see fit," read with the devise over of estate property "remaining" at the death of testator's wife indicates that testator's wife can convey title to the property free of any executory interest given testator's brothers and sisters or their heirs in Items III and IV. The provision that the estate be kept separate in Item III of the will, preceding the provision for devise over of property remaining at the death of testator's wife, also in Item III, is consistent with and facilitates the devise over. These provisions are void and of no effect under the majority's construction that Item III gives testator's wife a fee simple absolute title in all testator's estate property. Clearly the construction giving effect to these provisions is to be preferred.
I also disagree with the majority in construing the estate-be-kept-separate provision in Item III as merely precatory words of the testator. The phrase, "It is my will that . . . my wife shall keep my estate separate . . .," is mandatory. "When a person expresses his `will' that a particular disposition be made of his property, his words are words of command, and the word `will' as so used is mandatory, comprehensive, and dispositive in nature." Black's Law Dictionary 1433 (5th ed. 1979).