MADDOX, Justice.
This is an appeal from the judgment of the Circuit Court of Elmore County which construed the will of Thomas Daniel. The specific language in that will, which is the subject of the instant case, is as follows:
CLAUSE A
... I give, devise and bequeath to my daughter, Bertha Thomas, her home place, where she now resides, about 8 acres of land, also 20 acres on the North end of the South half of the NW Vi of Section 3, Township 18, Range 18, being the Northend of Thomas Gossom tract, also the South end of Lot no. 28 of the Thomas Daniel subdivision in west Wet-umpka, Alabama, being where Tom Howard now lives.
CLAUSE B
******
I give, devise and bequeath to Bertha Thomas, my daughter to receive $10.00 month from my estate as long as she lives, at her death, payments to cease, the home place where she now lives is to go to Mary Irene Brewer, my daughter. The 20 acres of farm lands and the City Lot is to be given to her son James Daniel, my grandson.
The trial court found as follows:
... The court is of the opinion that the intention of Thomas Daniel at the time he drew the Will was that Bertha Thomas be awarded a life estate in the homeplace and at the termination of the life estate the property would belong to Mary Irene Brewer, the daughter of Thomas Daniel, in fee simple and absolute and that the 20 acres on the north end of the south half of the NW Vi of Sec. 3, T. 18, R. 18, being the North end of Thomas Gossum tract was to belong to Bertha Thomas, the daughter of Thomas Daniel, in fee simple and absolute; .. .
The parties are in agreement that the property devised generally in the clause designated as “Clause A,” is the same property referred to in the clause designated as “Clause B.” We have used “Clause A” and “Clause B” for convenience. Both Clause A and Clause B actually are contained in the same paragraph of the testator’s will. The testator, by one sentence in Clause A, without specifying the extent of the estate, generally devised three parcels to Bertha Thomas, viz., the homeplace, the twenty acres and the city lot. In Clause B, the testator used language which indicates that he intended that the general devise to Bertha Thomas of the three parcels was of an estate less than an absolute fee, and that he intended for Bertha Thomas to have only a life estate in the parcels, with a devise over to Brewer of the homeplace, and to his grandson, James Daniel, of the twenty acres and the city lot.
There was no testimony presented at trial; therefore, the basic issue presented is whether the trial court erred in its construction of the will and its application of Alabama law.
We agree with the finding made by the trial court that the will “does contain ambiguities,” but, as we shall point out later, we conclude that the learned trial judge misapplied the law in this case.
An ambiguity in the will is created because the testator made a general devise of the property in Clause A without specifically defining the extent of the estate created, and in Clause B, he used language which indicates that he intended the general devise in Clause A to be an estate less than an *1050 absolute fee. The law to be applied in determining the testator’s intent when the testator uses language similar to that used here, is contained in this court’s case of Bell v. Killian, 266 Ala. 12, 93 So.2d 769 (1957), wherein this court stated:
Under our cases, a general devise of this nature which fails to specifically define the extent of the estate created, does not necessarily import an absolute fee if subsequent provisions of the will indicate that the testator intended a lesser estate. Patterson v. First National Bank of Mobile, supra [261 Ala. 601, 75 So.2d 471]; Higdon v. Higdon, 243 Ala. 571, 574, 11 So.2d 140; Schowalter v. Schowalter, supra [217 Ala. 418, 116 So. 116]; Hatcher v. Rice, supra [213 Ala. 676, 105 So. 881].
The applicable rule is thus stated in Patterson v. First National Bank, supra, 261 Ala. page 607, 75 So.2d at page 475.
“It is well settled that where a will does not expressly define the estate of the first taker, a devise over after his death is definitive of his estate and will be given effect in keeping with the intention of the testator, if not unlawful. Higdon v. Higdon, 243 Ala. 571(6), 11 So.2d 140.”
The reasoning which supports this rule is sound. As with all canons of construction the purpose of the rule is merely to guide the courts in ascertaining the intention of the testator. In order to determine this intent it is obvious that the will must be considered as a whole. Therefore, when the testator makes a general devise without defining the extent of the estate which he wishes to create, and he subsequently provides for a remainder in the same property, it seems only logical to assume that he intended to qualify or limit the initial gift. There is no repug-nancy between such provisions and none should be read into the will by the courts.
266 Ala. at 17-18, 93 So.2d 769. The trial court was correct in finding that Bertha Thomas has “a life estate in the homeplace and about 8 acres of land surrounding the same and at her death said property shall be vested in Mary Irene Brewer, the daughter of Thomas Daniel, in fee simple and absolute.”
The trial court erred in finding “that the 20 acres on the north end of the south half of the northwest quarter of Sec. 3, T. 18, R. 18, being the north end of the Thomas Gossum tract, is vested in Bertha Thomas, the daughter of Thomas Daniel, in fee simple and absolute.”
It is inconsistent for the trial court to treat part of the property as being devised to Bertha Thomas as a life estate and part of the property as being devised to her in fee simple absolute since all of the property was devised to her by the same language. See Hacker v. Carlisle, 388 So.2d 947 (Ala.1980). The rationale of the Bell decision is equally applicable in determining the testator’s intent regarding each parcel.
The court should have found that the testator intended that the twenty-acre tract and the city lot were devised to Bertha Thomas as a life estate, with a remainder in the testator’s grandson, James Daniel.
The judgment of the trial court is due to be affirmed, in part, and reversed, in part; and the cause is due to be remanded for proceedings not inconsistent with this decision.
AFFIRMED, IN PART; REVERSED, IN PART; AND REMANDED.
TORBERT, C. J., concurs in the result.
JONES, SHORES and BEATTY, JJ., concur.